NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2960
_____

STEPHEN D. BARTOS,
                              Appellant

v.

COMMONWEALTH OF PENNSYLVANIA DEPARTMENT
OF ENVIRONMENTAL PROTECTION;
 KATHLEEN A. MCGINTY, in her individual and official capacity;
PATRICK MCDONNELL, in his individual and official capacity;
KENNETH R. REISINGER, in his individual and official capacity
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court  No. 1-08-cv-00366
District Judge: The Honorable Yvette Kane
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 14, 2013

Before: SMITH, FISHER, and CHAGARES, *Circuit Judges*

(Filed: May 31, 2013)


_____


OPINION
_____

SMITH, *Circuit Judge.*

Stephen D. Bartos worked for the Commonwealth of Pennsylvania in the Department of Environmental Protection (DEP) from 1997 until December 11, 2007, when his employment was terminated. Shortly thereafter, Bartos filed a civil complaint in the United States District Court for the Middle District of Pennsylvania against the Commonwealth, DEP, DEP Secretary Kathleen McGinty, DEP Deputy Secretary of Administration Patrick McDonnell, and Kenneth R. Reisinger, Bartos's supervisor (collectively, the DEP defendants). After the District Court granted partial summary judgment in favor of the DEP defendants, the only claims remaining were a civil rights claim alleging retaliatory termination in violation of the First Amendment, 42 U.S.C. § 1983, and a claim under Pennsylvania's Whistleblower Law, 43 Pa. Stat. § 1423. Both claims asserted that Bartos had been discharged because he had submitted a report in March of 2007 that exposed the improper use of grant money for recycling programs.

Thereafter, the District Court ruled on several motions in limine filed by the parties, and the case proceeded to trial before a jury. The jury found in favor of the DEP defendants on both of Bartos's claims. This timely appeal followed.[1]

Bartos contends that the District Court erred with respect to three evidentiary rulings. In addition, Bartos submits that the Court committed plain error when it failed to issue a limiting instruction in charging the jury.

---

[1] The District Court exercised jurisdiction under 28 U.S.C. §§ 1331, 1343, and 1367. We exercise final order jurisdiction under 28 U.S.C. § 1291.

We review the District Court's evidentiary rulings under Federal Rules of Evidence 401 and 403 for an abuse of discretion. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008). Two of Bartos's co-workers perjured themselves during their depositions in this action. The DEP defendants moved to preclude the admission of their perjury. The District Court granted their motion. Bartos contends this was error. We conclude that the District Court did not abuse its discretion in finding that the danger of unfair prejudice to the DEP defendants outweighed the evidence's probative value. Nor do we find any abuse of discretion by the District Court in excluding evidence relating to the discipline of two other DEP employees. The record confirms that neither of these employees was similarly situated to Bartos. Reisinger did not supervise either of these employees. Neither employee's behavior was the same as Bartos's conduct. Moreover, the discipline of these other employees was a result of applying different policies, which had been in effect years before Bartos's discharge.

Bartos also challenges the District Court's decision to admit out-of-court statements by several employees. According to Bartos, these statements were hearsay under Federal Rule of Evidence 801(c) and inadmissible under Rule 802. The District Court explained at sidebar that the statements were not hearsay because they were not offered to prove the truth of the matters asserted. Instead, the statements were admissible, the Court concluded, because they were offered to establish the information on which management relied in disciplining and terminating Bartos's employment. "Whether testimony is hearsay is a question of law over which we exercise plenary review." *United States v. Vosburgh*, 602 F.3d 512, 538 (3d Cir. 2010). Provided the

3

District Court's ruling was based on a permissible interpretation, we review its decision to admit these statements for an abuse of discretion. *United States v. Saada*, 212 F.3d 210, 220 (3d Cir. 2000). We conclude that the District Court appropriately concluded that the statements did not constitute hearsay. Accordingly, the Court did not err by allowing the introduction of these statements.

Finally, we consider Bartos's contention that the District Court erred by failing to provide either a contemporaneous limiting instruction or a closing instruction to the jury regarding the extrajudicial statements. Bartos acknowledges that he did not request a limiting instruction regarding these statements. Accordingly, we review for plain error, Fed. R. Civ. P. 51(d)(2), and grant relief "sparingly and only to correct a 'fundamental' error that would 'result in manifest injustice.'" *Simmons v. City of Phila.*, 947 F.2d 1042, 1078 (3d Cir. 1991) (quoting *Bowley v. Stotler & Co.*, 751 F.2d 641, 652 (3d Cir. 1985)). No manifest injustice resulted here because there was no plain error.

For the reasons set forth above, we will affirm the judgment of the District Court.